Richard ALDRICH

v.

CIANBRO CORPORATION and/or United States Fidelity & Guaranty Corp.

Supreme Judicial Court of Maine.

June 2, 1978.

McTeague, Higbee & Tierney by Patrick McTeague (orally), Maurice A. Libner, Brunswick, for plaintiff.

Mitchell, Ballou & Keith by Peter Weatherbee (orally), Kevin M. Cuddy, Bangor, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

In 1975 petitioner Richard Aldrich suffered a compensable back injury while employed by Cianbro Corporation as a back hoe operator and truck driver. The parties

entered into an agreement for compensation whereby Aldrich received compensation for total incapacity. Approximately one year later, Cianbro petitioned the Industrial Accident Commission for a review of incapacity, and shortly thereafter the employee Aldrich filed his petition for an award of vocational rehabilitation in the form of a two-year program for an Associate Degree in Business Administration at Husson College at an estimated cost to his employer of $7,268. After hearing both petitions, the commission (1) granted the employer's petition upon finding the employee had a 75% work capacity, and (2) dismissed the employee's petition, stating that it was "unable to determine that the educational program [was] necessary to restore him to gainful employment." The employee seasonably appealed both rulings to the Superior Court and, after obtaining the appropriate pro forma decrees, appealed to this court.

We deny the appeal from the determination of 75% work capacity; but we sustain the appeal from the denial of vocational rehabilitation in order to remand for further proceedings.

 The commission's decision on the employer's petition for review that Aldrich possessed a 75% work capacity is a finding of fact that will not be disturbed by this court on appeal if supported by competent evidence in the record. *See, e. g., Jacobsky v. C. D'Alfonso & Sons, Inc.*, Me., 358 A.2d 511 (1976). The record in the case before us does contain ample testimony to sustain the commission's finding, and its decision based thereon must stand as final.

 Turning to the employee's appeal from the decree dismissing his petition for vocational rehabilitation, we find dispositive here our decision today in *McInnis v. Town of Bar Harbor*, Me., 387 A.2d 739 (June 2, 1978), in which we fully discussed the legal principles applicable in determining an employee's entitlement to vocational rehabilitation and remanded for further proceedings in light of those principles. The commission's decree in the present case does contain, in addition to language substantially identical to that in the *McInnis* decree, a

further express finding by the commission that there was "no sufficient evidence that [petitioner] has insufficient work capacity to perform or to obtain gainful work without retraining." From this language we cannot, however, be certain that the commission adequately considered all relevant factors, such as possible loss of job security, that must be taken into account on a petition for vocational rehabilitation. Although in the present case petitioner retained a 75% work capacity, as compared with the 50% work capacity of the employee in the *McInnis* case, we deem it appropriate to remand this case along with *McInnis* so that the commission may here also give the parties an opportunity to present any available evidence pertinent to the legal principles first enunciated in *McInnis* and may make full findings upon the facts as so developed.

The entry must be:

Appeal from determination of 75% work capacity denied; judgment affirmed.

Appeal from denial of vocational rehabilitation sustained; judgment of the Superior Court vacated; and remanded to the Industrial Accident Commission for further proceedings consistent with this opinion.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.